CASES IN THE SUPREME COURT

SAMUEL PETERS *v.* HENRY F. SLACK.

> An inn-keeper cannot recover for liquor, sold by small measure, more than one dollar and fifty cents, in an action of book account; nor is the case taken out of the statute, prohibiting such recovery, where the auditor finds that, from the course of dealing between the parties, it was their expectation that the charges for liquor should be applied towards the account of the other party.

THIS was an action of book account, in which judgment to account was rendered in the county court, and an auditor appointed, who reported that, on the hearing, it appeared that there were charges in the defendant's account for liquors sold the plaintiff by small measure; that the defendant was a tavern keeper, duly licensed, and the plaintiff objected to the allowance of more than $1.50 of said charges; that, from the course of dealings between the parties, it was the expectation of both that such charges for liquor should be applied towards the plaintiff's account. The auditor allowed $1.50, and disallowed $5.68, of these charges, and found a balance due from the defendant to the plaintiff of $11.27, to balance book accounts between them. The accounts between the parties accrued prior to the passage of the Revised Statutes.

The statute, relied upon by the plaintiff, relating to liquor sold by tavern keepers, (Comp. Statute, p. 135,) enacts that no action on book, or verbal contract, shall be sustained, in any court of justice in this state, for the recovery of a greater sum than $1.50, for liquors sold by any tavern keeper, by small measure, within this state.

The defendant objected to the acceptance of the report, in the county court, on the ground that the auditor erred in disallowing the charges of the defendant for liquor; but the county court overruled the objection, accepted the report and rendered judgment for the plaintiff to recover against the defendant the balance found due by the auditor, and the defendant excepted to the decision of the county court.

*E. Farr,* for defendant.

Defendant contends that the judgment below was wrong. The sum of $5.68, in defendant's account for liquors sold

by small measure, should have been allowed and deducted from plaintiff's account, for—

The statute *only* prohibits sustaining suits to *recover* for liquors sold and charged by the small measure,and this does not apply,as we contend,to the case of common running accounts, where the charges for liquor can be allowed in payment of an equal amount of the other party's charges, for, in that the court only apply the accounts in liquidation of each other and do not render a judgment for the amount to enforce their collection.

The action of book account itself, is only *brought* to recover the balance due, and, of course, is not *sustained* for any thing more. And especially is this the case where the opposite account was large enough, at the time of the charge, to balance it, for, in that case, the charge is not made to give the right of recovery, but a right of liquidation of the opposite account, and the. liquor must, in such case, have been received with that understanding. That is the present case.

But this case is removed beyond even the range of doubt, as we think, by the fact that the auditor reports the parties to have understood, at the time of the charges in this case, that the liquor was applied in payment of the opposite account. This then amounted, at the time, to a liquidation of the plaintiff's account, *pro tanto*, by the parties, in their understanding, which the court should carry into effect. The defendant certainly had a right to pay his debts in liquor, by small measure, if his creditor would agree to it, as well as in any thing else, or as well as to sell for cash down, which the statute does not attempt to prohibit, and then apply the money received in payment.

But the statute was not intended to prevent the kind of dealing shown in this case. It was intended to prevent poor people from improvidently contracting debts, to gratify their appetites, and thus subject themselves to suits which would sacrifice their property, if they had any, and end in bringing suffering and distress upon innocent families. *Chase* v. *Berry*, 3 Vt. R. 332.

The statute prohibition does not, in this case, make the contract void. It does not affect its validity, but only bars a recovery in an action brought directly upon the contract.

*A. Underwood,* for plaintiff.

The charges for liquors sold cannot be recovered, for the case does not find any portion of the plaintiff's account delivered expressly in payment of those items, nor any subsequent application by the parties. The law, therefore, would apply the payments to demands recognized by law, and not to those prohibited by statute. Comp. Statute, p. 135, sec. 3. *Wright* v. *Laing,* 3 Barn. & Cress. 165. *Wood, Adm.* v. *Barney,* 2 Vt. R. 369.

The opinion of the court was delivered by

WILLIAMS, Ch. J.—The question, in this case, is, whether the defendant should have been allowed the sum of five dollars and sixty-eight cents for liquors sold by him, as an inn-keeper, to the plaintiff. The question was directly decided in the case of *Wood, Adm'r.* v. *Barney,* 2 Vt. R. 369, and it would be but repeating the language of the learned judge, who delivered the opinion of the court, in that case, to decide the one now before us. While the liquors sold are to be charged on book, and to be a subject of account and adjustment, no recovery can be had for a greater sum than one dollar and fifty cents, on book, or verbal contract, directly or indirectly, and it would be an evasion of the statute to permit a recovery, because, from the course of dealing between the parties, the auditor inferred that the liquors were delivered under the expectation of both parties that they should be applied towards the account of the plaintiff.

So long as there was to be a charge and a future accounting, the statute, from principles of policy, limits the amount to be adjusted. It would have merited a different consideration if the auditor had found that the liquors were delivered in *payment* of any charges of the plaintiff, and for that reason, were not a subject of charge by the defendant.

The county court disallowed this charge, and their judgment is affirmed.